**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEST PALM BEACH FIREFIGHTERS' PENSION FUND, Individually and on behalf of All Others Similarly Situated, | Case No.: 1:24-cv-08633-VSB |
| Plaintiff, | |
| v. | |
| HASBRO, INC., RICHARD STODDART, CHRISTIAN COCKS, DEBORAH THOMAS, GINA GOETTER and ERIC NYMAN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**PHILADELPHIA ASBESTOS WORKERS PENSION &**
**HEALTH & WELFARE FUNDS FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 3

ARGUMENT ................................................................................................................................... 4

I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 4

        A.      The PSLRA Standard For Appointing Lead Plaintiff ............................................ 5

        B.      Movant Is The "Most Adequate Plaintiff" .............................................................. 6

                1.      Movant's Motion Is Timely ......................................................................... 6

                2.      Movant Has A Substantial Financial Interest .............................................. 6

                3.      Movant Satisfies Rule 23's Typicality And Adequacy Requirements ........ 7

                        a.      Movant's Claims Are Typical Of Those Of The Class ................... 7

                        b.      Movant Satisfies The Adequacy Requirement Of Rule 23 ............. 8

II.     MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .................... 10

CONCLUSION .............................................................................................................................. 10

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                              <u>Page(s)</u>

*Bishins v. CleanSpark, Inc.*,
  No. 21-cv-511 (LAP), 2021 WL 5741574 n.2 (S.D.N.Y. Dec. 2, 2021) .................................. 7

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................ 10

*Denny v. Canaan, Inc.*,
  Case No. 21-cv-3299 (JPC), 2021 WL 5847647 (S.D.N.Y. Dec. 9, 2021) .............................. 6

*Faig v. Bioscrip, Inc.*,
  Case No. 13-cv-06922-AJN, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ............................ 8

*Gilbert v. Azure Power Glob. Ltd.*,
  No. 1:22-cv-7432 (GHW), 2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) .............................. 7

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) .......................................................................................... 8

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................................ 6

*In re Initial Public Offering Sec. Litig.*,
  214 F.R.D. 117 (S.D.N.Y. 2002) ........................................................................................ 8

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................... 6

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
  Case No. 16-CV-02758-PKC, 2016 WL 2986235 (S.D.N.Y. May 13, 2016) .......................... 7

*Kemp v. Universal Am. Fin. Corp.*,
  Case No. 05-CV-9883-JFK, 2006 WL 1190691 (S.D.N.Y. May 1, 2006) .............................. 6

*Kux-Kardos v. VimpelCom, Ltd.*,
  151 F. Supp. 3d 471 (S.D.N.Y. 2016) .................................................................................. 7

*Lax v. First Merchs. Acceptance Corp.*, Case,
  No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................................. 6

*Micholle v. Ophthotech Corp.*,
  Case No. 17-cv-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ........................ 5, 8

*Randall v. Fifth St. Fin. Corp.*,
  Case No. 15-CV-7759-LAK, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) .............................. 7

*Richman v. Goldman Sachs Grp.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ................................................................................... 7

*Silverberg v. Dryships Inc.*,
   Case No. 17-cv-4547, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ...................................... 6

Statutes

15 U.S.C. § 78u-4(a)(1) ................................................................................................. 5
15 U.S.C. § 78u-4(a)(3)(A)(i) ..................................................................................... 5, 6
15 U.S.C. § 78u-4(a)(3)(A)(i)(II) .................................................................................... 9
15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................ 1, 5
15 U.S.C. § 78u-4(a)(3)(B)(i) ..................................................................................... 2, 5
15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................... 6, 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................. 2, 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................ 5, 9
15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................. 2, 9, 10

Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 734 ........................... 10

Proposed Lead Plaintiff Philadelphia Asbestos Workers Pension & Health & Welfare Funds ("Movant") respectfully submits this Memorandum of Law pursuant to Federal Rule of Civil Procedure 42(a) and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the common stock of Hasbro, Inc. ("Hasbro" or the "Company") between February 7, 2022 and October 25, 2023, inclusive (the "Class Period"); (2) approving Movant's selection of the law firm of Berger Montague PC ("Berger Montague") as Lead Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The complaint filed in this Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act on behalf of investors of Hasbro common stock during the Class Period against the Company and members of its senior management (collectively, the "Defendants").[1] Movant respectfully submits that it should be appointed Lead Plaintiff on behalf of all investors who purchased or acquired Hasbro securities during the Class Period, and who were damaged thereby (the "Class").[2]

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant

---

[1] Named as Defendants are Richard Stoddard, Chair of Hasbro's Board of Directors and former Interim Chief Executive Officer; Christian Cocks, CEO; Deborah Thomas, former Chief Financial Officer; Gina Goetter, CFO; and Eric Nyman, former Chief Operating Officer.

[2] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit ("Ex.") A to the Declaration of Radha Nagamani Raghavan ("Raghavan Decl."), submitted concurrently herewith. All exhibit references are to the Raghavan Decl.

has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant purchased 6,120 shares of Hasbro stock during the Class Period, with a total Class Period expenditure of approximately $458,813, and suffered a Class Period investment loss of approximately $136,738 on both a last-in-first-out ("LIFO") and first-in-first-out (FIFO) basis, for claims arising under the Exchange Act. *See* Ex. B. Movant thus not only has a substantial financial interest in this litigation, but it also has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws. Movant is, therefore, the "most adequate plaintiff" under the PSLRA. *See* Section I.B.2, *infra*.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (1) Movant's claims arise from the same course of events as those of the other Class members, (2) Movant relies on similar legal theories to prove Defendants' liability, and (3) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims. *See* Section I.B.3, *infra*.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve its selection of the law firm of Berger Montague PC as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Proposed Lead Counsel has decades worth of experience representing investors in shareholder litigation and securities class actions, including extensively in this District, and has the expertise and resources necessary to handle this complex

litigation. *See* Section II, *infra*.

Accordingly, Movant respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its selection of Lead Counsel.

## **FACTUAL BACKGROUND[3]**

Hasbro is a global toy, game, and entertainment company headquartered in Pawtucket, Rhode Island. Its iconic brands include Dungeons & Dragons, Magic: The Gathering, Hasbro Gaming, NERF, Transformers, Play-Doh, G.I. Joe, Monopoly, My Little Pony, and Peppa Pig.

According to the complaint, prior to the start of the Class Period, as the Covid pandemic was beginning, Hasbro faced an increase in demand as families locked down in their homes, and global supply chain disruptions impacted numerous industries. In response, Hasbro purchased excessive inventory in order to ensure that it could meet demand. When the Class Period began, Defendants represented to investors not only that the Company's inventory was high quality, but that Hasbro was building up its inventory balances to mitigate supply-chain risk and meet consumer demand, especially for the 2022 holiday season.

Throughout the Class Period, Defendants represented that the rising inventory levels reported in the Company's financial reports filed with the SEC reflected outstanding and anticipated demand, rather than excess supply that outpaced waning demand. Such representations that Hasbro's inventories were of high quality and at appropriate levels were false. In truth, Defendants knew that Hasbro had overpurchased inventory to an extent that significantly outpaced customer demand.

The truth began to emerge on January 26, 2023, when the Company previewed its fourth quarter results for fiscal year 2022. Hasbro, having repeatedly touted the apparent strength of the

---

[3] The factual allegations are derived from the complaint filed in this Action. ECF No. 1.

2022 holiday season, now admitted that revenue would contract by 17% year-over-year. To combat weakening sales, Hasbro announced it would be laying off 15% of its global work force, and at the same time disclosed the immediate departure of its Chief Operating Officer, Defendant Nyman. As a result of these disclosures, the price of Hasbro common stock declined by $5.17, or 8.1%, from a closing price of $63.78 per share on January 26, 2023 to a closing price of $58.61 per share on January 27, 2023. At the same time, however, Defendants reassured investors that its inventory management was appropriate.

Then, on October 26, 2023, Hasbro shocked investors when it announced its financial results for the third fiscal quarter of 2023, and disclosed an 18% decline in Consumer Product revenues year-over-year, along with a significant reduction in guidance for the remainder of the year. In the attendant earnings call, CFO Defendant Goetter revealed that the Company was forecasting "$50-ish million of onetime cost" that was to be spent on "mov[ing] through inventory at the retailer level, extra marketing to move through the inventory, [and] extra obsolescence cost" in its Consumer Products segment.

As a result of these disclosures, Hasbro's stock price declined by $6.38 per share, or 11.7%, from a closing price of $54.75 per share on October 25, 2023, to a closing price of $48.37 per share on October 26, 2023, erasing more than $800 million in market capitalization.

## ARGUMENT

### I.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submits that it should be appointed Lead Plaintiff because it filed the instant Motion in a timely manner, has a substantial—if not the largest—financial interest in this litigation under the Exchange Act claims, and satisfies the typicality and adequacy requirements of Rule 23.

4

### A.    The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a Lead Plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court should adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, Case No. 17-cv-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018).

Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.    Movant Is The "Most Adequate Plaintiff"

#### 1.    Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in this Action properly caused notice regarding the pending nature of the case to be published on *Business Wire,* a widely circulated, business-oriented news wire service, on November 13, 2024. *See* Ex. C. The PSLRA provides that any person who is a member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before January 13, 2025. Movant filed this Motion seeking appointment as Lead Plaintiff within this prescribed period of time and thus has satisfied the procedural requirements of the PSLRA.

#### 2.    Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, Case No. 05-CV-9883-JFK, 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).[4]

---

[4] "[T]he PSLRA does not delineate how to calculate which plaintiff has the 'largest financial interest.'" *Denny v. Canaan, Inc.*, Case No. 21-cv-3299 (JPC), 2021 WL 5847647, at *2 (S.D.N.Y. Dec. 9, 2021). Courts typically regard the factors that comprise the *Olsten-Lax* test: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, Case No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Many courts place "the most emphasis on the last of the four factors." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (citation omitted) (internal quotation marks omitted); *see also Silverberg v. Dryships Inc.*, Case No. 17-cv-4547, 2018 WL 10669653, at *4 (E.D.N.Y. Aug. 21, 2018) ("Courts generally consider those factors to be 'properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor

Movant has suffered a loss of approximately $136,738 on a LIFO basis for claims arising under the Exchange Act. *See* Ex. B; *see also Bishins v. CleanSpark, Inc.*, No. 21-cv-511 (LAP), 2021 WL 5741574, at *3 n.2 (S.D.N.Y. Dec. 2, 2021) (finding movant with largest total loss under the LIFO methodology was "the largest stakeholder in this litigation"). Movant is not aware of any other Class member with a larger interest in this litigation. Accordingly, having a substantial financial interest in the outcome of the litigation, Movant is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, Case No. 15-CV-7759-LAK, 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.    Movant Satisfies Rule 23's Typicality And Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See In re Third Ave. Mgmt. LLC Sec. Litig.*, Case No. 16-CV-02758-PKC, 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *see also Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432 (GHW), 2022 WL 17539172, at *3 (S.D.N.Y. Dec. 8, 2022) ("the Court considers only whether the proposed plaintiff has made a preliminary showing that two of Rule 23's requirements–typicality and adequacy–are satisfied."). Here, Movant satisfies both requirements.

#### a.    Movant's Claims Are Typical Of Those Of The Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the

---

4) is the most important.'") (quoting *Richman v. Goldman Sachs Grp.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011).

same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, Case No. 13-cv-06922-AJN, 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that, in violation of the federal securities laws, Hasbro and its senior executives misled investors regarding the Company's management of its inventory – specifically, that rising inventory levels reflected outstanding and anticipated demand. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

### b. Movant Satisfies The Adequacy Requirement Of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District have held that:

> [t]he adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy.

*In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (quoting *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has the resources and motivation sufficient to pursue a class action to a successful conclusion and is committed to prosecuting the claims on behalf of Hasbro investors. Movant

incurred substantial losses in its Hasbro investment during the Class Period and thus is highly motivated to maximize any recovery.

Moreover, Movant is familiar with and understands the obligations of a lead plaintiff under the PSLRA and is willing and able to undertake such responsibilities in order to vigorously and efficiently prosecute the instant claims. Movant is an institutional investor which manages millions of dollars in assets for the benefit of its members, who work in industrial and commercial settings. Further, Movant has a full-time staff, as well as legal personnel, and is therefore well-equipped to direct the prosecution of this action and devote the necessary time and resources toward diligently supervising this litigation.

Movant also has selected and retained experienced counsel, Berger Montague, as proposed Lead Counsel. Berger Montague has an extensive record of successfully prosecuting securities class actions vigorously and efficiently, both within this District and beyond. *See* Section II, *infra*. *See also* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged

Hasbro investors here.

## II.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors. *See* Ex. D.

In light of the foregoing, by approving Movant's selection of the law firm of Berger Montague as Lead Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

**CONCLUSION**

For the foregoing reasons, Movant respectfully request that the Court grant its Motion and enter an Order: (1) appointing Movant as Lead Plaintiff on behalf of a Class consisting of all persons other than Defendants who purchased or otherwise acquired Hasbro stock during the Class

10

Period; (2) approving Movant's selection of the law firm of Berger Montague as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: January 13, 2025                    Respectfully submitted,

**BERGER MONTAGUE PC**

/s/ *Radha Nagamani Raghavan*
Radha Nagamani Raghavan
Michael Dell'Angelo
Andrew D. Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: rraghavan@bm.net
        mdellangelo@bm.net
        aabramowitz@bm.net

*Counsel for Lead Plaintiff Movant and Proposed*
*Lead Counsel for the Class*

11

## <u>CERTIFICATION OF COMPLIANCE PURSUANT TO L.R. 7.1(c)</u>

I hereby certify that the foregoing document contains 3,460 words and therefore complies with the word count limitations prescribed by Local Rule 7.1(c).

/s/ *Radha Nagamani Raghavan*
Radha Nagamani Raghavan

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Radha Nagamani Raghavan*
Radha Nagamani Raghavan

13