**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEST PALM BEACH FIREFIGHTERS' PENSION FUND, individually and on behalf of all others similarly situated<br><br>                    Plaintiff,<br><br>          v.<br><br>HASBRO, INC., RICHARD STODDART, CHRISTIAN COCKS, DEBORAH THOMAS, GINA GOETTER, and ERIC NYMAN,<br><br>                    Defendants. | Case No. 1:24-cv-08633-VSB<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES'
RETIREMENT TRUST AND WEST PALM BEACH FIREFIGHTERS'
PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................. ii

PRELIMINARY STATEMENT ....................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................................ 3

ARGUMENT ..................................................................................................................................... 5

    A.    Miami Retirement Trust and West Palm Beach Firefighters Are The Most Adequate Plaintiff ......................................................................................................... 5

        1.    Miami Retirement Trust's and West Palm Beach Firefighters' Motion Is Timely .................................................................................... 5

        2.    Miami Retirement Trust and West Palm Beach Firefighters Have The Largest Financial Interest In The Relief Sought By The Class ............ 6

        3.    Miami Retirement Trust and West Palm Beach Firefighters Otherwise Satisfy The Requirements Of Rule 23 ....................................... 6

        4.    Miami Retirement Trust and West Palm Beach Firefighters Are Precisely The Type Of Lead Plaintiff Envisioned By The PSLRA ............. 8

    B.    Miami Retirement Trust and West Palm Beach Firefighters Selected Well-Qualified Lead Counsel To Represent The Class .................................................. 13

CONCLUSION ................................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) ...................................................................................9, 11, 12

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)............................................................................................................9

*Chilton v. Chiumento Grp.*,
365 F. App'x 298 (2d Cir. 2010) ..................................................................................................5

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ...............................................................................................8

*Hom v. Vale, S.A.*,
2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ........................................................................6, 7, 8

*McKenna v. Dick's Sporting Goods, Inc.*,
2018 WL 1083971 (S.D.N.Y. Feb. 17, 2018)...............................................................................9

*In re Mersho*,
6 F.4th 891 (9th Cir. 2021) ........................................................................................................9

*Mustafin v. GreenSky, Inc.*,
2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ....................................................................9, 12

*Reimer v. Ambac Fin. Grp., Inc.*,
2008 WL 2073931 (S.D.N.Y. May 9, 2008) .......................................................................12

*Roofers Loc. No. 149 Pension Fund v. Amgen, Inc.*,
2023 WL 4406286 (S.D.N.Y. July 7, 2023) ............................................................................7

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ...................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)...............................................................................................................7

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................................9

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679...................................................8

City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami Retirement Trust") and West Palm Beach Firefighters' Pension Fund ("West Palm Beach Firefighters") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) appointing Miami Retirement Trust and West Palm Beach Firefighters as Lead Plaintiff; (2) approving their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (3) granting any further relief that the Court may deem just and proper.

## PRELIMINARY STATEMENT

On November 13, 2024, West Palm Beach Firefighters, through its counsel Bernstein Litowitz, filed the above-captioned securities class action alleging that between February 7, 2022, and October 25, 2023, inclusive (the "Class Period"), Hasbro, Inc. ("Hasbro" or the "Company") and certain of the Company's current and former senior executives (collectively, "Defendants"), defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.  Specifically, the action alleges that, throughout the Class Period, Defendants misled investors regarding the quality of Hasbro's inventory and the appropriateness of its inventory levels.  Hasbro investors, including Miami Retirement Trust and West Palm Beach Firefighters, incurred significant losses when Hasbro revealed poor performance in its Consumer Product segment and that it would need to incur around $50 million in costs to move or write off excess inventory.

1

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Miami Retirement Trust and West Palm Beach Firefighters are the "most adequate plaintiff" by virtue of, among other things, the loss of approximately $1.7 million as calculated on a last-in, first-out ("LIFO") basis that they incurred on their Class Period purchases of more than 73,000 shares of Hasbro common stock.[1]

In addition to possessing a substantial financial interest, Miami Retirement Trust and West Palm Beach Firefighters satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class, and they will fairly and adequately represent the interests of the Class. Miami Retirement Trust and West Palm Beach Firefighters are the paradigmatic investors that Congress intended to serve as lead plaintiff under the PSLRA because they are sophisticated institutional investors with significant financial interests in the litigation. Further, Miami Retirement Trust and West Palm Beach Firefighters each have experience serving as a lead plaintiff in other securities class actions that led to significant recoveries for investors and experience supervising the work of outside counsel, including their proposed Lead Counsel, Bernstein Litowitz.

---

[1] Miami Retirement Trust's and West Palm Beach Firefighters' PSLRA-required Certifications are attached as Exhibit A to the Declaration of Hannah Ross in Support of the Motion of City of Miami General Employees' & Sanitation Employees' Retirement Trust and West Palm Beach Firefighters' Pension Fund for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel ("Ross Decl."). In addition, charts providing calculations of Miami Retirement Trust's and West Palm Beach Firefighters' losses are provided as Exhibit B to the Ross Decl.

Further, as set forth in greater detail in their Joint Declaration, Miami Retirement Trust and West Palm Beach Firefighters fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.[2] *See* Ross Decl., Ex. C ¶¶ 3, 5, 17.  Before seeking appointment as Lead Plaintiff, representatives of Miami Retirement Trust and West Palm Beach Firefighters participated in a conference call and discussed, among other things, how they will jointly prosecute this action and oversee their chosen counsel, and otherwise ensure the vigorous yet cost-effective prosecution of this litigation.  *See id.* ¶¶ 12-13.

Miami Retirement Trust's and West Palm Beach Firefighters' adequacy is also demonstrated through their selection of Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz is a nationally recognized securities litigation firm that has recovered more than $40 billion for defrauded investors.  Bernstein Litowitz is eminently qualified to prosecute this case and its extensive experience in securities fraud litigation will benefit the Class.  Based on Miami Retirement Trust's and West Palm Beach Firefighters' significant financial interest in the outcome of this action, and their ability to jointly oversee the prosecution of the litigation in a cohesive manner, Miami Retirement Trust and West Palm Beach Firefighters respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## FACTUAL BACKGROUND

Hasbro is a multinational toy, game, and entertainment company.  During the Class Period, Hasbro sold a broad selection of consumer products from toys, games, apparel, music, publishing

---

[2] The Joint Declaration of Edgard Hernandez and David Merrell in Support of the Motion of City of Miami General Employees' & Sanitation Employees' Retirement Trust and West Palm Beach Firefighters' Pension Fund for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel ("Joint Declaration"), is provided as Exhibit C to the Ross Decl.

to film, television, animation, and other digital content for Hasbro's iconic brands. The Company's operating segments include Consumer Products, Wizards of the Coast & Digital Gaming, and Entertainment, with Consumer Products contributing approximately 62% of Hasbro's net revenues in 2021.

Prior to the start of the Class Period, in the early stages of the COVID pandemic, Hasbro faced increased demand and global supply chain disruptions. In response, the Company overpurchased inventory to ensure that it could meet demand.

The action alleges that, throughout the Class Period, Hasbro represented to investors that its inventory was of a high quality and that it was appropriately building up its inventory balances to mitigate supply chain risk and meet consumer demand. The Company repeatedly assured investors that its rising inventory levels reflected outstanding and anticipated demand, rather than excess supply. In reality, Defendants knew that Hasbro had overpurchased inventory to an extent that significantly outpaced customer demand. As a result of Defendants' misrepresentations, Hasbro common stock traded at artificially inflated prices throughout the Class Period.

The truth began to emerge on January 26, 2023, when Hasbro previewed its fourth quarter results for fiscal year 2022. Despite having previously touted the strength of the 2022 holiday season, the Company revealed that revenue would contract by 17% year-over-year and that it would be laying off 15% of its global workforce. As a result of these disclosures, the price of Hasbro stock declined by $5.17 per share, or 8.1%. Despite the disappointing 2022 results, Hasbro continued to make false, reassuring statements to investors regarding its inventory. For example, on April 27, 2023, the Company claimed that it had made "good progress on reducing retailer inventories and are on track for healthy improvements in our owned inventory."

4

Then, on October 26, 2023, Hasbro announced its financial results for the third quarter of fiscal year 2023 and shocked investors by disclosing an 18% decline in Consumer Product revenues year-over-year, along with a significant reduction in guidance for the remainder of the year. The Company further revealed that it was forecasting "$50-ish million of onetime cost" that was to be spent on "mov[ing] through inventory at the retailer level, extra marketing to move through the inventory, [and] extra obsolescence cost" in its Consumer Products segment. On this news, the price of Hasbro stock plummeted by $6.38 per share, or 11.7%.

## ARGUMENT

### A.    Miami Retirement Trust and West Palm Beach Firefighters Are The Most Adequate Plaintiff

Miami Retirement Trust and West Palm Beach Firefighters respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a lead plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for lead plaintiff presumption). As set forth below, Miami Retirement Trust and West Palm Beach Firefighters believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.    Miami Retirement Trust's and West Palm Beach Firefighters' Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On November 13, 2024, West Palm Beach Firefighters, through its counsel Bernstein Litowitz, filed the above-captioned securities class action in this District, alleging

violations of Sections 10(b) and 20(a) of the Exchange Act against Defendants.  That same day, Bernstein Litowitz published a notice on *Business Wire* alerting investors to the pendency of the action and informing them of the January 13, 2025, deadline to seek appointment as Lead Plaintiff. *See* Ross Decl., Ex. D.  Accordingly, Miami Retirement Trust and West Palm Beach Firefighters satisfy the PSLRA's 60-day requirement through the filing of this motion.

### 2. Miami Retirement Trust and West Palm Beach Firefighters Have The Largest Financial Interest In The Relief Sought By The Class

Miami Retirement Trust and West Palm Beach Firefighters should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Specifically, Miami Retirement Trust and West Palm Beach Firefighters incurred a loss of approximately $1.7 million as calculated on a LIFO basis on their purchases of more than 73,000 shares of Hasbro common stock during the Class Period.  *See* Ross Decl., Exs. A-B.  To the best of Miami Retirement Trust's and West Palm Beach Firefighters' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, Miami Retirement Trust and West Palm Beach Firefighters have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Miami Retirement Trust and West Palm Beach Firefighters Otherwise Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Miami Retirement Trust and West Palm Beach Firefighters otherwise satisfy the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as lead plaintiff, a movant need only "make a preliminary showing that the adequacy and typicality requirements have been met."  *Hom v. Vale, S.A.*, 2016 WL 880201, at \*6 (S.D.N.Y. Mar. 7, 2016) (citation

6

omitted). Here, Miami Retirement Trust and West Palm Beach Firefighters unquestionably satisfy both requirements.

Miami Retirement Trust's and West Palm Beach Firefighters claims are typical of the claims of other Class members. Typicality is satisfied when the movant's "claims arise from the same course of events as those of the rest of the class, and when that party makes similar legal arguments to prove the defendant's liability." *Roofers Loc. No. 149 Pension Fund v. Amgen, Inc.*, 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023) (citation and internal quotations omitted). Here, Miami Retirement Trust and West Palm Beach Firefighters and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Miami Retirement Trust and West Palm Beach Firefighters (1) purchased Hasbro common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result. *See Vale*, 2016 WL 880201, at *6 (typicality satisfied where movant "purchased [company] shares at artificially inflated prices during the class period, and were injured by the false and misleading statements and omissions made by defendants in violation of federal securities laws"). As such, Miami Retirement Trust and West Palm Beach Firefighters satisfy the typicality requirement of Rule 23.

Miami Retirement Trust and West Palm Beach Firefighters likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class's interests to be fairly and adequately represented, the movant must show that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a

7

sufficient interest in the outcome of the case to ensure vigorous advocacy." *Vale*, 2016 WL 880201, at *6 (citation omitted). Miami Retirement Trust and West Palm Beach Firefighters satisfy these elements because their substantial financial stake in the litigation provides them with the ability and incentive to vigorously represent the Class's claims. Miami Retirement Trust's and West Palm Beach Firefighters' interests are directly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Miami Retirement Trust and West Palm Beach Firefighters, and other Class members.

Miami Retirement Trust and West Palm Beach Firefighters have further demonstrated their adequacy through their selection of Bernstein Litowitz as Lead Counsel to represent the Class in this case. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Accordingly, as demonstrated herein, Miami Retirement Trust and West Palm Beach Firefighters satisfy the typicality and adequacy requirements of Rule 23.

### 4. Miami Retirement Trust and West Palm Beach Firefighters Are Precisely The Type Of Lead Plaintiff Envisioned By The PSLRA

In addition to possessing the largest financial interest and satisfying the relevant requirements of Rule 23, Miami Retirement Trust and West Palm Beach Firefighters are the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with a substantial financial interest in the litigation. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (noting that "the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [securities class] actions") (citation omitted); S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995

8

U.S.C.C.A.N. 679, 690 ("The committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs[.]"); H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

As set forth in their Joint Declaration, Miami Retirement Trust and West Palm Beach Firefighters have also demonstrated their commitment and ability to work together cohesively in the prosecution of this action.    *See* Ross Decl., Ex. C ¶¶ 11-13, 18.   The text of the PSLRA expressly permits the appointment of a group of class members to serve as lead plaintiff.    *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id.* § 78u-4(a)(3)(B)(i).    Accordingly, courts in this District, including this Court, as well as others in the Second Circuit and throughout the country have repeatedly recognized the propriety of appointing groups of investors that "are able to 'function cohesively and to effectively manage the litigation apart from their lawyers.'" *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (citation omitted) (appointing group of institutional investors); *see also McKenna v. Dick's Sporting Goods, Inc.*, 2018 WL 1083971, at *6 (S.D.N.Y. Feb. 17, 2018) (Broderick, J.) (same); *Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing "coalition of three institutional investors" that "demonstrated their intent to participate directly in this litigation and their willingness and ability to serve as class representatives"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (affirming the appointment of a group of three institutional investors); *In re Mersho*, 6 F.4th 891, 903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "groups can serve as lead plaintiff."). Moreover, Miami Retirement Trust and West Palm Beach

9

Firefighters are committed to ensuring that this litigation is prosecuted in an efficient and effective manner.  *See* Ross Decl., Ex. C ¶¶ 12-13, 15.

Miami Retirement Trust and West Palm Beach Firefighters are strongly motivated to recover the losses they incurred as a result of Defendants' alleged violations of the federal securities laws.  *See id.* ¶ 6.  Through the course of their evaluation of this case, Miami Retirement Trust and West Palm Beach Firefighters each followed their own deliberative processes to determine whether to seek appointment as Lead Plaintiff.  *See id.* ¶ 7.  Following full consideration of the merits of the claims against Defendants by decision-makers for each institution, and given the magnitude of their losses, Miami Retirement Trust and West Palm Beach Firefighters each independently determined to seek a leadership role in this case.  *See id.*  As part of those processes, Miami Retirement Trust and West Palm Beach Firefighters each also considered whether there was an opportunity to work with other institutional investors in seeking appointment as Lead Plaintiff, and whether doing so would be in each of their respective interests and in the best interests of the Class.  *See id.* ¶ 8.

Notably, to protect the interests of investors, West Palm Beach Firefighters, through its counsel, Bernstein Litowitz, filed the complaint in this litigation.  After learning of the complaint filed by West Palm Beach Firefighters, Miami Retirement Trust independently determined that it would be in its interest and the interests of other Class members for it to seek appointment as Lead Plaintiff jointly with West Palm Beach Firefighters.  *See id.* ¶ 9.

Miami Retirement Trust and West Palm Beach Firefighters each have prior experience working with other institutional investors to prosecute securities fraud claims.  *See* Ross Decl., Ex. C ¶¶ 3, 5.  For example, Miami Retirement Trust served as lead plaintiff, together with two other institutional investors, in *In re Symbol Technologies, Inc. Securities Litigation*, No. 02-cv-1383

(E.D.N.Y.), and *Louisiana Municipal Police Employees' Retirement System v. Deloitte & Touche LLP*, No. 04-cv-621 (E.D.N.Y.)—related securities class actions arising out of an alleged accounting fraud at Symbol Technologies, Inc.—and recovered $163 million for investors, with Bernstein Litowitz as lead counsel. West Palm Beach Firefighters served as lead plaintiff, alongside two other institutional investors, in *West Palm Beach Firefighters' Pension Fund v. Startek, Inc.*, No. 05-cv-1265 (D. Colo.), and recovered $7.5 million for investors. Based on those prior experiences, Miami Retirement Trust and West Palm Beach Firefighters each independently determined that their partnership would benefit the representation of the Class here, and approved the filing of their joint motion. *See* Ross Decl., Ex. C ¶¶ 8-9. Miami Retirement Trust's and West Palm Beach Firefighters' decision to join together to prosecute this action was further informed by their roles as fiduciaries and their shared interests in protecting and maximizing pension fund assets. *See id.* ¶ 10; *see also Bank of Am.*, 258 F.R.D. at 270 ("Groups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff. . . . Because they have established their ability to act independent of counsel, [the institutional investors] are a proper group and are presumptive lead plaintiffs.").

The Joint Declaration also demonstrates that Miami Retirement Trust and West Palm Beach Firefighters have already taken, and will continue to take, measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the Class. Notably, to protect the interests of investors, West Palm Beach Firefighters, through its counsel, Bernstein Litowitz, filed the only complaint asserting these claims against Defendants. *See* Ross Decl., Ex. C ¶ 5. Before seeking appointment as Lead Plaintiff, representatives of Miami Retirement Trust and West Palm Beach Firefighters participated in a conference call during which they discussed, among other things: Miami Retirement Trust's and West Palm Beach Firefighters' respective losses arising

11

from Defendants' alleged misconduct; the claims against Defendants; the shared desire of Miami Retirement Trust and West Palm Beach Firefighters to maximize the recovery for the Class; the shared interests of Miami Retirement Trust and West Palm Beach Firefighters in prosecuting the case in a collaborative manner; the procedures and protocols to be followed in jointly prosecuting the case; and the benefits the Class would receive from the joint leadership of institutional investors. *See id.* ¶ 12. Miami Retirement Trust and West Palm Beach Firefighters have established channels of communication so they can consult with one another, both with and without counsel, throughout the pendency of this action. *See id.* ¶ 13. Through these and other measures, Miami Retirement Trust and West Palm Beach Firefighters have sought to ensure that the Class will receive the best possible representation.

In sum, Miami Retirement Trust and West Palm Beach Firefighters have demonstrated that they have the willingness, resources, experience, and commitment to work closely with one another to oversee the prosecution of this action, supervise their proposed Lead Counsel, and obtain the best possible recovery for the Class. *See, e.g.*, *GreenSky*, 2019 WL 1428594, at *5 (appointing group of three institutions that "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class"); *Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (appointing group of three institutions that demonstrated they were "cooperating and pursuing the litigation separately and apart from their lawyers"); *Bank of Am.*, 258 F.R.D. at 270 (appointing group of institutions as lead plaintiff that submitted declaration detailing discussions regarding "plans for joint oversight over the litigation and joint supervision of counsel").

12

### B.    Miami Retirement Trust and West Palm Beach Firefighters Selected Well-Qualified Lead Counsel To Represent The Class

The PSLRA provides that the Lead Plaintiff is to select and retain Lead Counsel for the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions, including in this District. *See* Ross Decl., Ex. E (Bernstein Litowitz's Firm Résumé). For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which recoveries totaling in excess of $6 billion—one of the largest recoveries in securities class action history and the largest in this District—were obtained for the class. Other significant examples in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.) ($2.425 billion recovery); *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659 (S.D.N.Y.) ($1.07 billion recovery); *In re Wells Fargo & Co. Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.) ($1 billion recovery); *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.) ($730 million recovery); *In re Wachovia Corp. Securities Litigation*, 09-cv-6351 (S.D.N.Y.) ($627 million recovery); and *City of Riviera Beach General Employees Retirement System v. Macquarie Infrastructure Corp.*, No. 18-cv-3608 (S.D.N.Y.) (Broderick, J.) (ongoing).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Miami Retirement

13

Trust's and West Palm Beach Firefighters' selection of Bernstein Litowitz as Lead Counsel for the Class.

### CONCLUSION

For the reasons discussed above, Miami Retirement Trust and West Palm Beach Firefighters respectfully request that the Court: (1) appoint them to serve as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz to serve as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated: January 13, 2025

Respectfully submitted,

*/s/ Hannah Ross*
Hannah Ross
Avi Josefson
Scott R. Foglietta
**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Miami
General Employees' & Sanitation Employees'
Retirement Trust and West Palm Beach
Firefighters' Pension Fund and Proposed
Lead Counsel for the Class*

Robert D. Klausner
Stuart A. Kaufman
**KLAUSNER, KAUFMAN, JENSEN
   & LEVINSON**
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

14

*Additional Counsel for Miami General Employees' & Sanitation Employees' Retirement Trust and West Palm Beach Firefighters' Pension Fund*

15

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Miami General Employees' & Sanitation Employees' Retirement Trust and West Palm Beach Firefighters' Pension Fund, certifies that this memorandum of law contains 4,065 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: January 13, 2025

*/s/ Hannah Ross*

Hannah Ross
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com

16