# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEST PALM BEACH FIREFIGHTERS' PENSION FUND, individually and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> v. <br><br> HASBRO, INC., RICHARD STODDART, CHRISTIAN COCKS, DEBORAH THOMAS, GINA GOETTER, and ERIC NYMAN, <br><br> Defendants. | Case No. 1:24-cv-08633-VSB <br><br> <u>CLASS ACTION</u> |

**JOINT DECLARATION OF EDGARD HERNANDEZ AND DAVID MERRELL IN SUPPORT OF THE MOTION OF CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST AND WEST PALM BEACH FIREFIGHTERS' PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

We, Edgard Hernandez and David Merrell, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    We respectfully submit this Joint Declaration in support of the motion of City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami Retirement Trust") and West Palm Beach Firefighters' Pension Fund ("West Palm Beach Firefighters") for appointment as Lead Plaintiff and approval of their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the proposed Class in the securities class action against Hasbro, Inc. ("Hasbro" or the "Company") and certain of its current and former senior executives (collectively, "Defendants").  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") on the Lead Plaintiff, including the selection and retention of counsel, and overseeing the prosecution of the action.  We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are respectively associated.

2.    I, Edgard Hernandez, am the Pension Administrator of Miami Retirement Trust and am authorized to make this declaration on behalf of Miami Retirement Trust.  Miami Retirement Trust is a public pension plan that provides retirement and pension benefits to general and sanitation employees of the City of Miami, Florida.  As reflected in its certification, Miami Retirement Trust purchased Hasbro common stock during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

3.    Miami Retirement Trust understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Miami Retirement Trust's familiarity with the PSLRA's requirements is informed by, among other things, its experience

serving as lead plaintiff in other securities class actions, including working together with other institutional investors. For example, Miami Retirement Trust served as lead plaintiff, alongside two other institutional investors, and supervised the work of Bernstein Litowitz in *In re Symbol Technologies, Inc. Securities Litigation*, No. 02-cv-1383 (E.D.N.Y.), and *Louisiana Municipal Police Employees' Retirement System v. Deloitte & Touche LLP*, No. 04-cv-621 (E.D.N.Y.)—related securities class actions arising out of an alleged accounting fraud at Symbol Technologies, Inc.—which resulted in a combined recovery of $163 million for investors. Miami Retirement Trust also served as lead plaintiff in *In re Henry Schein, Inc. Securities Litigation*, No. 18-cv-1428 (E.D.N.Y.), with Bernstein Litowitz serving as lead counsel, and recovered $35 million for investors. In addition, Miami Retirement Trust served as lead plaintiff, alongside another institutional investor, in *In re James River Group Holdings, Ltd. Securities Litigation*, No. 21-cv-444 (E.D. Va.), and recovered $30 million for investors, with Bernstein Litowitz as co-lead counsel; and served as lead plaintiff, alongside two other institutional investors, in *In re Venator Materials PLC Securities Litigation*, No. 19-cv-3464 (S.D. Tex.), and recovered $19 million for investors, with Bernstein Litowitz as lead counsel.

4.    I, David Merrell, am the Chairman of West Palm Beach Firefighters and am authorized to make this declaration on behalf of West Palm Beach Firefighters. West Palm Beach Firefighters is a public pension fund that provides pension, death and disability benefits to firefighters in the city of West Palm Beach, Florida. As reflected in its certification, West Palm Beach Firefighters purchased Hasbro common stock during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

5.      West Palm Beach Firefighters understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  West Palm Beach Firefighters' familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including working together with other institutional investors.  For example, West Palm Beach Firefighters served as lead plaintiff, alongside two other institutional investors, in *West Palm Beach Firefighters' Pension Fund v. Startek, Inc.*, No. 05-cv-1265 (D. Colo.), in which it recovered $7.5 million.  West Palm Beach Firefighters is also currently serving as an additional plaintiff, alongside an institutional investor lead plaintiff, in *SEB Investment Management AB v. Wells Fargo & Co.*, No. 22-cv-3811 (N.D. Cal.).  West Palm Beach Firefighters has already taken steps demonstrating its commitment to the Class, having filed the first and only complaint in this litigation through its counsel, Bernstein Litowitz.

6.      Miami Retirement Trust and West Palm Beach Firefighters are each highly motivated to recover the significant losses that they and the Class incurred as a result of Defendants' violations of the federal securities laws.  The primary goal of Miami Retirement Trust and West Palm Beach Firefighters in this litigation is to maximize the proposed Class's recovery from all potentially culpable parties.  Accordingly, Miami Retirement Trust and West Palm Beach Firefighters both believe that it is important for this case to be led by committed institutional investors with experience leading class action lawsuits under the PSLRA and supervising the work of outside counsel, as well as a financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the Class.

7.      Miami Retirement Trust and West Palm Beach Firefighters each followed their own deliberative processes to determine whether to seek a leadership role in this action.  As part of

3

those processes, which included full consideration of the merits of the claims by decision-makers for each institution, as well as consideration of the substantial economic interest that Miami Retirement Trust and West Palm Beach Firefighters each have in this action, Miami Retirement Trust and West Palm Beach Firefighters expressed to their counsel an interest in working with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment.

8.      In exploring their decision to pursue a leadership position in this case, Miami Retirement Trust and West Palm Beach Firefighters each considered whether there would be an opportunity to work with other institutional investors in seeking Lead Plaintiff appointment, and whether doing so would be in each of their respective interests and in the best interests of the Class. Given Miami Retirement Trust's and West Palm Beach Firefighters' prior experiences working as part of lead plaintiff groups to prosecute securities fraud claims, Miami Retirement Trust and West Palm Beach Firefighters recognize the benefits to the Class that result from having a small, cohesive group of sophisticated institutions cooperate in the prosecution of complex securities actions.

9.      After learning of the complaint filed by West Palm Beach Firefighters and reviewing the allegations pleaded in the action, Miami Retirement Trust independently determined that it would be in its interest and the interests of other Class members for it to seek appointment as Lead Plaintiff jointly with West Palm Beach Firefighters.  Similarly, recognizing that Miami Retirement Trust was a familiar and like-minded institutional investor that incurred a substantial loss on its investments in Hasbro stock during the Class Period and was interested in seeking a leadership role in the action, West Palm Beach Firefighters agreed that it would be in its and other class members' best interests to jointly seek appointment with Miami Retirement Trust.  Miami Retirement Trust and West Palm Beach Firefighters each independently determined that serving

4

as Lead Plaintiff together would allow them to maximize the recovery for all class members, and approved the filing of their joint motion.

10.    Miami Retirement Trust's and West Palm Beach Firefighters' decision to jointly seek appointment as Lead Plaintiff was also informed by their roles as fiduciaries and their shared goals and interests in protecting and maximizing pension fund assets for public employees and their beneficiaries.  Moreover, as retirement systems operating for the benefit of public employees in cities located in South Florida, Miami Retirement Trust and West Palm Beach Firefighters are familiar with each other and have relationships that pre-date the filing of this action.  Miami Retirement Trust and West Palm Beach Firefighters and members of their respective professional staffs also share connections that precede their decision to collaborate in the joint prosecution of this case.  For example, Miami Retirement Trust and West Palm Beach Firefighters are members of and attend educational conferences held by the Florida Public Pension Trustees Association ("FPPTA"), Florida's educational organization for public employee pension funds.  Educational conferences hosted by FPPTA often include discussions of securities litigation under the PSLRA, and the role of institutional investors serving as lead plaintiffs.

11.    Miami Retirement Trust and West Palm Beach Firefighters agree that their partnership is well-suited for this litigation and will further the interests of the Class.  Miami Retirement Trust and West Palm Beach Firefighters understand that the PSLRA and courts throughout the United States, including the Second Circuit, not only permit groups of investors to serve as lead plaintiff, but that joint institutional leadership can provide significant benefits to the Class.  Based on their prior experiences serving as a lead plaintiff alongside other institutional investors in securities class actions, Miami Retirement Trust and West Palm Beach Firefighters believe that their joint oversight of the action can benefit the Class by allowing them to share

5

perspectives, experiences, and resources, and provide input on case strategy. Miami Retirement Trust and West Palm Beach Firefighters intend to prosecute this action in such a collaborative manner.

12. Before seeking appointment as Lead Plaintiff, we participated in a conference call to discuss Miami Retirement Trust's and West Palm Beach Firefighters' leadership of this litigation and commitment to jointly prosecute this action. During this call, representatives of Miami Retirement Trust and West Palm Beach Firefighters discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' alleged misconduct; the strategy for the prosecution of this litigation; their shared interest in serving jointly as Lead Plaintiff in this case and their commitment to take an active role in supervising the prosecution of the action; and the benefits that the Class would receive from their joint leadership of the case. Miami Retirement Trust and West Palm Beach Firefighters believe that by working together they will ensure that the Class's claims are efficiently and zealously prosecuted through their oversight of proposed Lead Counsel, Bernstein Litowitz.

13. Miami Retirement Trust and West Palm Beach Firefighters intend to share their perspectives, experiences, and resources to direct this litigation. Representatives from Miami Retirement Trust and West Palm Beach Firefighters understand the importance of joint decision-making and maintaining open lines of communication. To that end, we have in place procedures that will enable Miami Retirement Trust and West Palm Beach Firefighters to confer, with or without counsel, via telephone and/or email on short notice to ensure that they are able to make timely decisions affecting the action. Miami Retirement Trust and West Palm Beach Firefighters are committed to taking an active role in supervising the prosecution of the action and intend to communicate with proposed Lead Counsel, and with each other separately from proposed Lead

6

Counsel, as often as necessary to discuss major litigation developments and ensure the vigorous and efficient prosecution of the action.

14.     Given the common goals and incentives of Miami Retirement Trust and West Palm Beach Firefighters to maximize the Class's recovery in this case, as well as their shared roles as fiduciaries to protect and maximize assets held for the benefit of their funds' participants, neither Miami Retirement Trust nor West Palm Beach Firefighters envision having any dispute relating to their oversight of this action.  However, in the unlikely event that any such disputes arise, we plan to engage in thorough discussion with each other and our counsel to come to a resolution.

15.     Miami Retirement Trust and West Palm Beach Firefighters also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's prosecution of the case to ensure that the action is prosecuted without unreasonable cost.  Miami Retirement Trust and West Palm Beach Firefighters decided to jointly seek appointment as Lead Plaintiff, in part, because of their shared desire to ensure that this action is prosecuted in an efficient and economical manner.  As Lead Plaintiff, Miami Retirement Trust and West Palm Beach Firefighters will ensure that Lead Counsel shall only act pursuant to their mandate.  With respect to our selected counsel, Bernstein Litowitz, we believe that the Class will benefit from having a law firm that is highly experienced in prosecuting complex securities class actions successfully as lead counsel.  Miami Retirement Trust's and West Palm Beach Firefighters' working relationships with Bernstein Litowitz ensure that this action will be prosecuted in the best interests of the Class.

16.     Miami Retirement Trust and West Palm Beach Firefighters are familiar with the experience, resources, and qualifications of Bernstein Litowitz, and are aware that it is an accomplished law firm with a history of achieving significant settlements, verdicts, and corporate

7

governance reforms from defendants in securities class actions like this case, as well as other shareholder lawsuits.

17.    In addition, Bernstein Litowitz has already demonstrated its commitment to the Class through its extensive investigation of the claims against Defendants and its filing of the first and only complaint in this litigation on behalf of West Palm Beach Firefighters.  As a result of this and Miami Retirement Trust's prior experience overseeing Bernstein Litowitz, we fully believe that Bernstein Litowitz will prosecute this litigation in a zealous and efficient manner as Lead Counsel under Miami Retirement Trust's and West Palm Beach Firefighters' leadership.

18.    Miami Retirement Trust and West Palm Beach Firefighters reaffirm their commitment to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, Miami Retirement Trust and West Palm Beach Firefighters will ensure that the securities class action against Defendants will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class.

**[REMAINDER INTENTIONALLY BLANK]**

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Miami Retirement Trust are true to the best of my knowledge.

Executed this 10th day of January, 2025.

Signed by:

*Edgard Hernandez*

01506E185D7B4B5...

Edgard Hernandez, Pension Administrator

*On behalf of City of Miami General Employees'*
*& Sanitation Employees' Retirement Trust*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to West Palm Beach Firefighters are true to the best of my knowledge. Executed this 10th day of January, 2025.

Signed by:

*David Merrell*

ED4BDDA642724C1...

David Merrell, Chairman

*On behalf of West Palm Beach Firefighters'*
*Pension Fund*