UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WEST PALM BEACH FIREFIGHTERS'           :
PENSION FUND, Individually and on Behalf of   :
All Others Similarly Situated,          :
                                        :
                Plaintiff,              :    24-cv-08633 (VSB)
                                        :
        v.                              :
                                        :
HASBRO, INC., RICHARD STODDART,         :
CHRISTIAN COCKS, DEBORAH THOMAS,        :
GINA GOETTER, and ERIC NYMAN,           :
                                        :
                Defendants.             :
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

### DEFENDANTS' RESPONSE TO MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

Defendants Hasbro, Inc., Richard Stoddart, Christian Cocks, Deborah Thomas, Gina Goetter and Eric Nyman (collectively, "Defendants"), respectfully submit the following response to the motions for appointment of lead plaintiff and approval of lead plaintiff's selection of counsel in the above-captioned action.  Defendants take no position on the motions for appointment as lead plaintiff and approval of lead counsel[1] filed by the Philadelphia Asbestos Workers Pension & Health & Welfare Funds (ECF No. 17), the City of Miami General Employees' & Sanitation Employees' Retirement Trust and West Palm Beach Firefighters' Pension Fund (ECF No. 20), and the City of Birmingham Retirement and Relief System (ECF No. 26), except as follows.

First, Defendants respectfully submit that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification in the event any consolidated complaint survives anticipated motions to dismiss.  The preliminary

---

[1]    Defendants do not waive, and expressly preserve, all defenses.

determination of Rule 23 factors for purposes of appointing a lead plaintiff is not the same and should not predetermine how the Court might resolve such factors should this case reach the class certification stage. *See Villare v. ABIOMED,* Nos. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER), 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020) (citation omitted) (recognizing that "a court need not conduct a full analysis of whether the requirements of Rule 23 have been met" at the lead plaintiff stage); *see also Yates v. Open Joint Stock Co.*, Nos. 04 Civ. 9742 (NRB), 04 Civ. 9973 (NRB), 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (noting that defendants' attack on typicality and adequacy were not appropriate until class certification). Movants all concede that, in determining the lead plaintiff motions (unlike in a full Rule 23 class certification determination), the Court only requires a preliminary showing that two of the four Rule 23(a) requirements are met. (*See* ECF No. 18 at 7, ECF No. 21 at 6-7, ECF No. 24 at 5.) *See also Omdahl v. Farfetch*, No. 19 Civ. 8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) (citation and quotations omitted) ("For purposes of appointment as lead plaintiff pursuant to the PSLRA . . . the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements [of Rule 23] have been met.").

Second, Defendants object to the proposed order submitted by the City of Birmingham Retirement and Relief System to the extent that it seeks entry of an order that includes a provision purporting to impose document preservation obligations on Defendants. (*See* ECF No. 26-1 ¶ 9.) Such a provision is unnecessary; the obligation to preserve relevant documents is set forth under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(B)(3)(C)(i), and applies to all parties in the litigation. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBrance & Co.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (denying lead plaintiff movant's unopposed motion for an order requiring the preservation of evidence because the obligation that

2

all parties preserve relevant documents is "statutorily automatic" and "such an order would either unnecessarily duplicate the obligations created under the PSLRA or . . . alter those obligations without justification"); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16 Civ. 03495 (AT) (BCM), 2016 WL 5867497, at *6 (S.D.N.Y. Oct. 4, 2016) (denying lead plaintiff movant's provision for document preservation as duplicative).

Finally, Defendants object to the proposed order submitted by the City of Birmingham Retirement and Relief System insofar as it purports to modify the appropriate methods and procedures for effecting service on the parties. (*See* ECF No. 26-1 ¶ 5.) Defendants submit that ECF filings are deemed properly served under S.D.N.Y. Local Rule 5.2(a) and object to the extent the City of Birmingham Retirement and Relief System seeks to modify in any way the methods and procedures governing service of process.

## CONCLUSION

While Defendants take no position on the motions for lead plaintiff, Defendants respectfully request that any request to include document preservation and service of papers provisions in an order appointing lead plaintiff and lead counsel be denied.

Dated:  New York, New York
        January 27, 2025

                                        Respectfully submitted,

                                        /s/ Scott D. Musoff
                                        Scott D. Musoff
                                        SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP
                                        One Manhattan West
                                        New York, New York 10001
                                        Phone: (212) 735-3000
                                        Facsimile: (212) 735-2000
                                        scott.musoff@skadden.com

                                        *Counsel for Defendants Hasbro, Inc., Richard
                                          Stoddart, Christian Cocks, Deborah
                                          Thomas, Gina Goetter, and Eric Nyman*

**CERTIFICATE OF COMPLIANCE**

I, Scott D. Musoff, an attorney duly admitted to practice before this Court, hereby certify that the foregoing Response to Motions for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel was prepared using Microsoft Word and contains 708 words in accordance with Local Rule 7.1(c).

Dated: New York, New York
         January 27, 2025

/s/ Scott D. Musoff

Scott D. Musoff