**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEST PALM BEACH FIREFIGHTERS' PENSION FUND, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC., RICHARD STODDART, CHRISTIAN COCKS, DEBORAH THOMAS, GINA GOETTER, and ERIC NYMAN,<br><br>Defendants. | Case No. 1:24-cv-08633-VSB<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST'S AND WEST PALM BEACH FIREFIGHTERS' PENSION FUND'S UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................ 4

    A.    Miami Retirement Trust and West Palm Beach Firefighters Should Be Appointed Lead Plaintiff ......................................................................................... 4

        1.    Miami Retirement Trust and West Palm Beach Firefighters Have The Largest Financial Interest ................................................................ 5

        2.    Miami Retirement Trust and West Palm Beach Firefighters Satisfy The Requirements Of Rule 23 ........................................................ 7

        3.    The Presumption In Favor Of Appointing Miami Retirement Trust and West Palm Beach Firefighters As Lead Plaintiff Cannot Be Rebutted ...................................................................................... 10

    B.    The Court Should Approve Miami Retirement Trust's and West Palm Beach Firefighters' Selection Of Lead Counsel ................................................... 11

CONCLUSION ....................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
    258 F.R.D. 260 (S.D.N.Y. 2009) .......................................................................................8

*Barnet v. Elan Corp.*,
    236 F.R.D. 158 (S.D.N.Y. 2005) .......................................................................................6

*Bo Young Cha v. Kinross Gold Corp.*,
    2012 WL 2025850 (S.D.N.Y. May 31, 2012) ..........................................................................1

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v.
    Credit Suisse Grp.*,
    2018 WL 1382406 (S.D.N.Y. Mar. 19, 2018) ..........................................................................9

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*,
    2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) ........................................................................4, 5

*Clark v. Barrick Gold Corp.*,
    2013 WL 5300698 (S.D.N.Y. Sept. 20, 2013).........................................................................4

*Cohen v. Luckin Coffee Inc.*,
    2020 WL 3127808 (S.D.N.Y. June 12, 2020) ..........................................................................4

*Crass v. Yalla Grp. Ltd.*,
    2021 WL 5181008 (S.D.N.Y. Nov. 8, 2021).........................................................................1

*Dookeran v. Xunlei Ltd.*,
    2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018).........................................................................7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) .......................................................................................10

*Faris v. Longtop Fin. Techs. Ltd.*,
    2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011).........................................................................10

*Freudenberg v. E*Trade Fin. Corp.*,
    2008 WL 2876373 (S.D.N.Y. July 16, 2008) ..........................................................................2

*Goldenberg v. NeoGenomics, Inc.*,
    2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023).........................................................................11

*Gronich v. Omega Healthcare Invs., Inc.*,
    2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) ..........................................................................7

*Hom v. Vale, S.A.*,
   2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ....................................................................5

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 112 (S.D.N.Y. 2010) ................................................................................8

*In re KIT Digit., Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ................................................................................5

*McKenna v. Dick's Sporting Goods, Inc.*,
   2018 WL 1083971 (S.D.N.Y. Feb. 27, 2018)...........................................................3, 9

*Mustafin v. GreenSky, Inc.*,
   2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ............................................................3

*Reimer v. Ambac Fin. Grp., Inc.*,
   2008 WL 2073931 (S.D.N.Y. May 9, 2008) .............................................................6, 9

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ................................................................................5

*Woburn Ret. Sys. v. Salix Pharms. Ltd.*,
   2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ...........................................................5

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)............................................................................................7

iii

Miami Retirement Trust and West Palm Beach Firefighters respectfully submit this memorandum of law in further support of their unopposed motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel.[1] *See* ECF No. 20.

**PRELIMINARY STATEMENT**

Miami Retirement Trust and West Palm Beach Firefighters are the presumptive Lead Plaintiff in this case by virtue of the significant losses they incurred—approximately $1.7 million as calculated under a LIFO basis—on their Class Period investments in Hasbro securities. Further, as a small, cohesive partnership of two sophisticated institutional investors, Miami Retirement Trust and West Palm Beach Firefighters have demonstrated their adequacy to prosecute this case. *See* ECF No. 22-3 ¶¶ 3, 5, 8-9, 11-13, 18.

In addition to Miami Retirement Trust and West Palm Beach Firefighters, two other class members filed motions seeking appointment as Lead Plaintiff: (1) Philadelphia Asbestos Workers Pension & Health & Welfare Funds ("Asbestos Workers") (ECF No. 17) and (2) City of Birmingham Retirement and Relief System ("Birmingham") (ECF No. 24). Of these movants, Miami Retirement Trust and West Palm Beach Firefighters unquestionably possess the largest financial interest in this litigation. *See Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008, at *5 (S.D.N.Y. Nov. 8, 2021) ("[C]ourts have consistently held that . . . the magnitude of the loss suffered[] is [the] most significant [factor to consider in evaluating which movant has the largest financial interest].").[2] In recognition that Miami Retirement Trust and West Palm Beach

---

[1] All capitalized terms are defined in Miami Retirement Trust's and West Palm Beach Firefighters' opening brief, unless otherwise indicated. *See* ECF No. 21. All emphasis is added, and all internal citations and quotations omitted unless noted.

[2] Courts typically apply the LIFO methodology to assess investment losses at the lead plaintiff stage. *See Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("[T]he overwhelming trend both in this district and nationwide has been to use LIFO").

Firefighters have the largest financial interest and are otherwise typical and adequate Class representatives, Asbestos Workers and Birmingham have indicated that they do not oppose the appointment of Miami Retirement Trust and West Palm Beach Firefighters as Lead Plaintiff. *See* ECF Nos. 27-28. Accordingly, Miami Retirement Trust's and West Palm Beach Firefighters' motion is unopposed.

Indeed, as demonstrated by the chart below, Miami Retirement Trust's and West Palm Beach Firefighters' loss is comfortably larger than the loss claimed by the next largest movant, as calculated under a LIFO basis, and larger than the combined loss incurred by the other movants.



Further, Miami Retirement Trust and West Palm Beach Firefighters also purchased more Hasbro shares on a net basis and made larger net expenditures than the other movants combined. In fact, Miami Retirement Trust, alone, has a larger financial interest in this case than either of the competing movants. Courts have found this fact to be determinative in considering the total financial interest of a group of investors seeking lead plaintiff appointment. *See, e.g.*, *Freudenberg v. E*Trade Fin. Corp.*, 2008 WL 2876373, at *5 (S.D.N.Y. July 16, 2008) (appropriateness of

appointing group of three investors was "supported by the fact that . . . [one member]'s losses alone would qualify it as the party with the largest financial interest in the litigation").

Miami Retirement Trust and West Palm Beach Firefighters also satisfy the typicality and adequacy requirements of Rule 23, and are well suited to represent all Class members. As set forth in the Joint Declaration submitted with their motion, Miami Retirement Trust and West Palm Beach Firefighters possess the capability, experience, and commitment to oversee this litigation as a cohesive partnership and to ensure the zealous prosecution of this action in the best interests of the Class. *See* ECF No. 22-3 ¶¶ 3, 5, 18; *see also Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing as lead plaintiff a group of three institutional investors that submitted a joint declaration in which they "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class"); *McKenna v. Dick's Sporting Goods, Inc.*, 2018 WL 1083971, at *6 (S.D.N.Y. Feb. 27, 2018) (Broderick, J.) (appointing group of institutional investors). The decision by Miami Retirement Trust and West Palm Beach Firefighters to join together to prosecute this action followed from their prior experiences working with other institutional investors as part of lead plaintiff groups in other securities class actions. *See* ECF No. 22-3 ¶¶ 3, 5, 8.

In addition, Miami Retirement Trust and West Palm Beach Firefighters are sophisticated institutional investors that fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. Miami Retirement Trust and West Palm Beach Firefighters are committed to actively overseeing the prosecution of this litigation, and have selected Bernstein Litowitz—a law firm with extensive experience prosecuting securities class actions—as Lead Counsel for the Class.

Because Miami Retirement Trust and West Palm Beach Firefighters have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, they are entitled to a strong presumption that they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Miami Retirement Trust and West Palm Beach Firefighters are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists, and there are no legitimate grounds to challenge Miami Retirement Trust's and West Palm Beach Firefighters' typicality or adequacy.

As such, Miami Retirement Trust and West Palm Beach Firefighters should be appointed as Lead Plaintiff and their selection of counsel should be approved.

## ARGUMENT

### A. Miami Retirement Trust and West Palm Beach Firefighters Should Be Appointed Lead Plaintiff

The PSLRA establishes a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *3-4 (S.D.N.Y. Jan. 30, 2019) (Broderick, J.) (discussing the PSLRA's process for selecting a lead plaintiff). To trigger this presumption, the movant that has the largest financial interest need only make a preliminary showing that the adequacy and typicality requirements have been met. *See Clark v. Barrick Gold Corp.*, 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) ("In an action under the PSLRA, a moving lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.").

Once this presumption attaches, it can only be rebutted with "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to

4

unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *7 (S.D.N.Y. June 12, 2020) (requiring "proof that the presumptive lead plaintiff is subject to unique defenses"). Miami Retirement Trust and West Palm Beach Firefighters are the presumptive Lead Plaintiff in this action and no "proof" exists to rebut that presumption. Accordingly, Miami Retirement Trust and West Palm Beach Firefighters are entitled to appointment as Lead Plaintiff.

### 1. Miami Retirement Trust and West Palm Beach Firefighters Have The Largest Financial Interest

When assessing which movant has asserted the largest financial interest, courts in this District consider a movant's loss to be the most important factor. *See, e.g.*, *Macquarie Infrastructure*, 2019 WL 364570, at *4 ("The magnitude of the loss is the most significant factor."); *Hom v. Vale, S.A.*, 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016) (noting that courts "place the most emphasis on . . . the approximate losses suffered" in determining the largest financial interest); *Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss.").

As illustrated in the chart below, Miami Retirement Trust's and West Palm Beach Firefighters' loss of approximately $1.7 million, as calculated under a LIFO basis, is significantly larger than the loss incurred by Birmingham, the movant asserting the next largest loss. Miami Retirement Trust and West Palm Beach Firefighters also have the largest financial interest based on other factors courts consider in making that determination, having purchased more net shares and expended more net funds than the other movants combined:[3]

---

[3] *See In re KIT Digit., Inc. Sec. Litig.*, 293 F.R.D. 441, 445 (S.D.N.Y. 2013) (courts apply the "*Lax/Olsten* factors" to determine which movant has the largest financial interest: (1) the total number of shares purchased; (2) the number of net shares purchased (the difference between the number of shares purchased and the number of shares sold); (3) the total net funds expended (the difference between the amount spent on shares and the amount received from the sale of shares);

| Movant[4] | Reported Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| Miami Retirement Trust | $1,496,145 | 63,480 | 55,030 | $4,125,212 |
| West Palm Beach Firefighters | $229,924 | 10,298 | 4,303 | $429,068 |
| **Total** | **$1,726,068** | **73,778** | **59,333** | **$4,554,280** |
| | | | | |
| Birmingham | $1,341,451 | 58,800 | 44,200 | $3,453,363 |
| | | | | |
| Asbestos Workers | $136,738 | 6,120 | 5,150 | $385,028 |

Further, Miami Retirement Trust individually incurred a loss that is larger than the combined loss reported by the other movants.  Moreover, Miami Retirement Trust on its own purchased more net shares and expended more net funds than the other movants combined. *See Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *3-4 (S.D.N.Y. May 9, 2008) (appointing group of pension funds as lead plaintiff where individual members of group had greater financial interest than competing movant); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162-63 (S.D.N.Y. 2005) (appointing group of investors after finding that "[t]his is simply not a case where a group of unrelated investors has been cobbled together . . . to displace a single competing institutional investor" because "two of [the group's] individual members . . . have the largest financial interest").

There can be no credible dispute that Miami Retirement Trust and West Palm Beach Firefighters have "the largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

and (4) the approximate losses suffered); *see also Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011) (after loss, the next two most important factors are net shares purchased and net expenditures).

[4] These figures are taken from each movant's respective filing.  *See* ECF Nos. 19-2, 22-2, 25-3. Losses for all movants are those reported as being calculated using the LIFO methodology.  *See id*.

### 2.    Miami Retirement Trust and West Palm Beach Firefighters Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Miami Retirement Trust and West Palm Beach Firefighters satisfy the typicality and adequacy requirements of Rule 23.  At the lead plaintiff stage, a movant must make only a "preliminary" showing that it satisfies Rule 23's typicality and adequacy requirements.  *Gronich v. Omega Healthcare Invs., Inc.*, 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018) ("At this stage in the litigation, only a preliminary showing of typicality and adequacy is required.").  Miami Retirement Trust and West Palm Beach Firefighters unquestionably satisfy both requirements.

As demonstrated in their opening brief, Miami Retirement Trust and West Palm Beach Firefighters are typical of other members of the Class.  *See* ECF No. 21 at 7.  Like all other Class members, Miami Retirement Trust and West Palm Beach Firefighters (1) purchased Hasbro common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result of Defendants' alleged fraud.  *See Dookeran v. Xunlei Ltd.*, 2018 WL 1779348, at *3 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when the proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants").  Thus, Miami Retirement Trust and West Palm Beach Firefighters satisfy the typicality requirement.

Miami Retirement Trust and West Palm Beach Firefighters also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Miami Retirement Trust and West Palm Beach Firefighters have submitted evidence, through a sworn declaration, demonstrating their commitment and ability to direct this litigation jointly and in the best interests

7

of the Class.  *See generally* ECF No. 22-3.  Miami Retirement Trust and West Palm Beach Firefighters are dedicated to overseeing their proposed counsel's prosecution of this action and ensuring that the action is litigated in the best interests of all Class members.  *See id.* ¶¶ 6, 15, 18. As established by their Joint Declaration, Miami Retirement Trust and West Palm Beach Firefighters comprise a small, cohesive group of institutional investors that are capable of supervising this litigation.  *See id.* ¶¶ 3, 5, 11, 18.  Miami Retirement Trust and West Palm Beach Firefighters came together of their own volition after each followed their own deliberative processes and independently determined that working together with other institutional investors would allow them to maximize the recovery for the Class.  *See id.* ¶¶ 7-9.  Prior to filing their motion, representatives of Miami Retirement Trust and West Palm Beach Firefighters participated in a conference call to discuss their leadership of this case to ensure that it will be litigated in the best interests of all Class members.  *See id.* ¶ 12; *see also Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010) (appointing group of investors that submitted declaration "demonstrat[ing] their intent to participate directly in this litigation and their willingness and ability to serve as class representatives"); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutional investors that submitted declarations showing they were able to "function cohesively and to effectively manage the litigation").

The determination by Miami Retirement Trust and West Palm Beach Firefighters to jointly prosecute this case was further informed by their experience litigating securities class actions as part of groups of institutional investors and supervising the work of lead counsel.  *See* ECF No. 22-3 ¶¶ 3, 5, 8-9.  The decision to jointly seek appointment as Lead Plaintiff was also informed by Miami Retirement Trust's and West Palm Beach Firefighters' roles as fiduciaries and their shared

interests in protecting and maximizing pension fund assets. *See id.* ¶ 10. Miami Retirement Trust and West Palm Beach Firefighters fully understand and accept the duties and responsibilities of the Lead Plaintiff owed to other Class members and are fully committed to monitoring the prosecution of this action in the best interest of the Class. *See id.* ¶¶ 3, 5, 6, 13, 18.

Such cooperation between institutional investors is expressly permitted by the PSLRA, and courts routinely appoint cohesive groups of class members as lead plaintiff in securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id.* § 78u-4(a)(3)(B)(i); *see also City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Credit Suisse Grp.*, 2018 WL 1382406, at * 2 (S.D.N.Y. Mar. 19, 2018) (appointing group of four institutional investors, noting that their "status as a group is no barrier to appointment as lead plaintiff" because "[a]s the statute makes clear, [g]roups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff"); *Ambac Fin. Grp.*, 2008 WL 2073931, at *3 (appointing group of three pension funds); *Dick's Sporting Goods,* 2018 WL 1083971, at *6 (appointing group of institutional investors). Miami Retirement Trust and West Palm Beach Firefighters have demonstrated that they have the willingness and ability to actively oversee the prosecution of this action.

Further, there is no conflict between Miami Retirement Trust's and West Palm Beach Firefighters' interests and those of the other Class members. To the contrary, the interests of Miami Retirement Trust and West Palm Beach Firefighters and other Class members are directly aligned because all suffered damages from their purchases of Hasbro common stock at prices that were artificially inflated by Defendants' alleged misconduct. As discussed above, Miami Retirement Trust and West Palm Beach Firefighters have a substantial financial interest that provides them with the incentive to ensure the vigorous prosecution of this litigation, and have the experience to prosecute this action efficiently and in the best interests of the Class. Thus, Miami

9

Retirement Trust and West Palm Beach Firefighters have both the incentive and ability to supervise and monitor counsel.

Miami Retirement Trust and West Palm Beach Firefighters have further demonstrated their adequacy through their selection of Bernstein Litowitz—a firm with significant experience prosecuting securities class actions and managing complex litigation effectively—to serve as Lead Counsel for the Class. *See* ECF No. 21 at 13-14. Accordingly, Miami Retirement Trust and West Palm Beach Firefighters have made the requisite preliminary showing that they satisfy the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

**3.      The Presumption In Favor Of Appointing Miami Retirement Trust and West Palm Beach Firefighters As Lead Plaintiff Cannot Be Rebutted**

To overcome the strong presumption entitling Miami Retirement Trust and West Palm Beach Firefighters to appointment as Lead Plaintiff, the PSLRA requires the other movants to present "proof" that Miami Retirement Trust and West Palm Beach Firefighters are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption"). No such proof exists in this case, and there can be no credible arguments to the contrary. Recognizing this, Asbestos Workers and Birmingham do not oppose the appointment of Miami Retirement Trust and West Palm Beach Firefighters as Lead Plaintiff. *See* ECF Nos. 27-28.

Because Miami Retirement Trust and West Palm Beach Firefighters have met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions. *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

10

**B.    The Court Should Approve Miami Retirement Trust's and West Palm Beach Firefighters' Selection Of Lead Counsel**

The PSLRA grants the Lead Plaintiff with the power to select and retain counsel for the Class, subject to the Court's approval. The Court should not disrupt the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101, at *6 (S.D.N.Y. Oct. 2, 2023) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Miami Retirement Trust and West Palm Beach Firefighters have selected Bernstein Litowitz as proposed Lead Counsel for the Class. Bernstein Litowitz is among the preeminent securities class action law firms in the country and has recovered over $40 billion for investors in securities class actions and obtained groundbreaking corporate governance reforms. *See* ECF No. 22-5. Bernstein Litowitz has a long history of successfully prosecuting federal securities class actions, including achieving several landmark recoveries in cases that were litigated in this District. *See* ECF No. 21 at 13.

This prior experience demonstrates that Bernstein Litowitz is eminently qualified to represent the Class in this action. Accordingly, the Court should approve Miami Retirement Trust's and West Palm Beach Firefighters' selection of Bernstein Litowitz as Lead Counsel for the Class.

## CONCLUSION

For the reasons discussed above and in their opening brief, Miami Retirement Trust and West Palm Beach Firefighters respectfully request that the Court: (1) appoint them as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz as Lead Counsel for the Class; and (3) grant any other relief that the Court may deem just and proper.

11

Dated: January 27, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**

 /s/ Hannah Ross
Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas, 44th Floor
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Miami
General Employees' & Sanitation Employees'
Retirement Trust and West Palm Beach
Firefighters' Pension Fund and Proposed
Lead Counsel for the Class*

**KLAUSNER, KAUFMAN, JENSEN
   & LEVINSON**
Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Miami General
Employees' & Sanitation Employees'
Retirement Trust and West Palm Beach
Firefighters' Pension Fund*

12

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Miami General Employees' & Sanitation Employees' Retirement Trust and West Palm Beach Firefighters' Pension Fund, certifies that this Memorandum of Law in opposition to competing Lead Plaintiff motions contains 3,334 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: January 27, 2025

/s/ Hannah Ross
Hannah Ross
**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com

13