# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WEST PALM BEACH FIREFIGHTERS' PENSION FUND and CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>HASBRO, INC., CHRISTIAN COCKS, AND CYNTHIA WILLIAMS,<br><br>                  Defendants. | Case No. 24-cv-08633-VSB |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT .................................................................................................................................1

I.      EXTRINSIC DOCUMENTS MAY NOT BE NOTICED FOR THEIR TRUTH
        OR TO DISPUTE THE COMPLAINT'S WELL-PLED ALLEGATIONS .......................2

CONCLUSION...............................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acticon AG v. China N.E. Petroleum Holdings Ltd.*,
  692 F.3d 34 (2d Cir. 2012)..........................................................................................3, 4

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
  693 F. Supp. 2d 241 (S.D.N.Y. 2010).............................................................................1

*In re Amylin Pharms., Inc., Sec. Litig.*,
  2002 WL 31520051 (S.D. Cal. Oct. 10, 2002) ..............................................................3

*Buhrke Family Revocable Trust v. U.S. Bancorp*,
  726 F. Supp. 3d 315 (S.D.N.Y. 2024)............................................................................4

*Chalmers v. City of New York*,
  2021 WL 4226181 (S.D.N.Y. Sept. 16, 2021)................................................................2

*Duval v. Albano*,
  2017 WL 3053157 (S.D.N.Y. Jul. 18, 2017) ..................................................................2

*In re FuBoTV Inc. Sec. Litig.*,
  2024 WL 1330001 (S.D.N.Y. Mar. 28, 2024) ................................................................2

*Global Network Comm'ns, Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006).............................................................................................2

*Hesse v. Godiva Chocolatier, Inc.*,
  463 F. Supp. 3d 453 (S.D.N.Y. 2020).............................................................................5

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
  146 F.3d 66 (2d Cir. 1998)...............................................................................................2

*Lee v. Springer Nature Am., Inc.*,
  769 F. Supp. 3d 234 (S.D.N.Y. 2025).............................................................................5

*In re Lottery.com, Inc. Sec. Litig.*,
  715 F. Supp. 3d 506 (S.D.N.Y. 2024).............................................................................5

*Roth v. Jennings*,
  489 F.3d 499 (2d Cir. 2007)..........................................................................................1, 2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007).........................................................................................................1

**Other Authorities**

Fed. R. Civ. P.12(b)(6)......................................................................................................1, 5

Lead Plaintiffs West Palm Beach Firefighters' Pension Fund and City of Miami General Employees' & Sanitation Employees' Retirement Trust (together, "Plaintiffs") submit this opposition to Defendants' Request for Judicial Notice, *see* ECF Nos. 51-52 (the "Request for Judicial Notice" or "RJN").[1]

## INTRODUCTION

Defendants attached to their Motion 17 exhibits that span 491 pages. In footnotes to the Motion, Defendants ask the Court to either take judicial notice of them or consider them incorporated by reference into the Complaint. *See* Mot. 1-9; Exs. A-Q. While certain of these materials may be appropriate for judicial notice or incorporation by reference, Defendants improperly seek to introduce them for the truth of the matters they assert. Specifically, Defendants urge the Court to use these materials to disregard and contradict the Complaint's well-pled allegations in favor of Defendants' self-serving "Statement of Facts" and preferred inferences—an approach that is flatly prohibited at the pleading stage.

## ARGUMENT

In considering "a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must … accept all factual allegations in the complaint as true," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and must "construe[] all alleged facts in the light most favorable to the plaintiffs." *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 247-48 (S.D.N.Y. 2010). Defendants' Request for Judicial Notice seeks to circumvent these fundamental principles.

Courts in the Second Circuit have repeatedly stressed strict limits to the doctrines Defendants invoke. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). At the pleading stage, documents

---

[1] Defendants submitted the RJN through their Motion to Dismiss, ECF No. 51 ("Motion"), and the supporting Declaration of Scott D. Musoff, ECF No. 52 ("Decl."), and accompanying exhibits. References to "Mot. __" are to Defendants' Motion, references to "Ex. __" are to the exhibits to the Decl., and references to "¶__" are to the Amended Complaint, ECF No. 47 ("Compl."). Unless otherwise noted, all emphasis is added and all internal quotations are omitted.

incorporated by reference are considered "only to determine *what* the documents stated, and *not to prove the truth of their contents*." *Id.* (emphasis in original). Similarly, while a court may take judicial notice of documents extrinsic to the Complaint, it may "not" do so "for the truth of the matters asserted within them." *In re FuBoTV Inc. Sec. Litig.*, 2024 WL 1330001, at *4 (S.D.N.Y. Mar. 28, 2024); *see also Chalmers v. City of New York*, 2021 WL 4226181, at *4 n.2 (S.D.N.Y. Sept. 16, 2021) ("declin[ing] to take judicial notice" of documents offered "for the truth of the matters asserted").

Thus, while SEC filings and similar documents may be judicially noticed "to establish their existence," they cannot be accepted "to provide the reasoned basis for [a] conclusion" that contradicts the Complaint's allegations. *Global Network Comm'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). Indeed, "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is" properly subject to judicial notice. *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("Every reasonable doubt upon the subject should be resolved promptly in the negative."). Defendants ignore these well-established limitations.

## I.    EXTRINSIC DOCUMENTS MAY NOT BE NOTICED FOR THEIR TRUTH OR TO DISPUTE THE COMPLAINT'S WELL-PLED ALLEGATIONS

The Complaint contains extensive factual allegations detailing Defendants' false and misleading statements and the harm they caused investors. "Defendants respond by introducing facts"—through their 17 exhibits—"that they believe undermine Plaintiff[s'] evidence." *Duval v. Albano*, 2017 WL 3053157, at *12 (S.D.N.Y. Jul. 18, 2017). But "the Court cannot draw the inferences that Defendants wish that it would at this stage, because the Court is obligated to draw all reasonable inferences in Plaintiff's favor." *Id.* (declining to "reason from … materials" "even if the Court took judicial notice of the[m]").

***Post-Class Period stock price movements.*** The Complaint amply alleges that investors suffered losses when the revelation of Defendants' false and misleading statements, including through a Bank of America analyst report (the "BofA Report"), caused Hasbro's stock price to decline. ¶¶208-21. Following the three corrective disclosures, which together slashed Hasbro's market capitalization by over $2.7 billion, analysts connected the loss in shareholder value to Defendants' misstatements. ¶¶114-31, 138-141.

Defendants attempt to dispute these well-pled facts by asking the Court to take judicial notice of a chart showing Hasbro's stock price for two years after the Class Period (Ex. N), as well as a document purporting to list Magic revenues after the Class Period (Ex. M). According to Defendants, the fact that Hasbro's stock price "recovered" two years after the Class Period and that Magic revenues recovered somehow "prove[s] the [BofA] Report wrong." Mot. 8-9.

Defendants' tactic is legally improper, factually wrong, and should be rejected. Defendants' explanations for the recovery of Hasbro's stock price and Magic's revenue after the Class Period "raise[] factual questions not suitable for resolution on a motion to dismiss." *Acticon AG v. China N.E. Petroleum Holdings Ltd.*, 692 F.3d 34, 39 (2d Cir. 2012); *see also In re Amylin Pharms., Inc., Sec. Litig.*, 2002 WL 31520051, at *2 (S.D. Cal. Oct. 10, 2002) ("Amylin's historical stock price, introduced to show that the price rose after the close of the class period, is irrelevant to the motion to dismiss."). Plaintiffs vigorously dispute Defendants' contention that these purported post-Class Period facts demonstrate that the BofA Report was "wrong." Indeed, if anything, Defendants' post-Class Period performance supports the Complaint's allegations. Its stock price rebounded only because Hasbro cut back its parachute strategy following the end of the Class Period, mitigating secondary market card devaluation (*see* ¶133), with Williams resigning from the Company. Additionally, Defendants' argument ignores the post-Class Period performance of Hasbro's other sources of revenue—including its Consumer Products and Magic licensing businesses. Simply put,

Defendants' arguments about the reasons for its post-Class Period stock price performance and Magic revenue are precisely the type of factual disputes that cannot be resolved at the pleading stage.

Moreover, the Second Circuit has squarely held that stock price "recovery" after the Class Period "does not negate the inference that [the plaintiff] has suffered an economic loss." *Acticon*, 692 F.3d at 41. Defendants' assertion that Hasbro's stock price had recovered by approximately two years after the end of the Class Period (Mot. 9) thus does nothing to absolve Defendants of liability for the losses investors suffered—and provides no consolation to investors who sold their stock before then.

***Defendants' contradictory, self-serving "Statement of Facts."*** The Complaint contains extensive factual allegations detailing how (i) Hasbro did not print new sets "to meet demand," but rather pursuant to a "parachute" strategy of releasing sets regardless of demand to prop up Hasbro's other divisions; (ii) Hasbro did overprint Magic, harming the brand and leaving Hasbro with excess inventory; (iii) the Magic 30th Set was not "out of stock," but rather Defendants prematurely stopped the failed sale to falsely project success; (iv) Magic's growth was not pursuant to a demand-driven "segmentation" strategy, but rather its supply-led parachute strategy; and (v) Wizards inventory was not elevated because of "upcoming" releases, but rather due to old, overprinted Magic sets remaining unsold. ¶¶72-113, 137.

Defendants attempt (Mot. 4-9) to contradict these allegations and introduce facts outside the pleadings in a "Statement of Facts" section peppered with references to extrinsic documents, which they ask the Court to notice or consider incorporated by reference. Certain of these documents are SEC filings, but "[w]hile the Court may take judicial notice of SEC filings, it cannot do so to establish the truth of the matters asserted therein." *Buhrke Family Revocable Trust v. U.S. Bancorp*, 726 F. Supp. 3d 315, 358 (S.D.N.Y. 2024) (declining to use facts asserted in SEC filings in analysis of plaintiff's claims).

4

More broadly, even if the Court "takes judicial notice of" any of "these documents, their purposes at the motion-to-dismiss stage are limited." *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 463 (S.D.N.Y. 2020); *see In re Lottery.com, Inc. Sec. Litig.*, 715 F. Supp. 3d 506, 560 n.13 (S.D.N.Y. 2024) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Defendants thus cannot offer extrinsic documents for their truth to contradict the Complaint's well-pled allegations. "A contrary rule would permit the improper transformation of the Rule 12(b)(6) inquiry into a summary-judgment proceeding … featuring a bespoke factual record, tailor-made to suit the needs of defendants," and "[s]uch undermining of the usual pleading burdens is not the purpose of judicial notice." *Lee v. Springer Nature Am., Inc.*, 769 F. Supp. 3d 234, 248 (S.D.N.Y. 2025).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reject Defendants' improper attempt to misuse the judicial notice and incorporation by reference doctrines to interject their own self-serving version of the "facts" and impermissibly resolve factual disputes at the pleading stage.

Dated: April 10, 2026                    Respectfully submitted,

                                         By: */s/ Jonathan D. Uslaner*

                                         **BERNSTEIN LITOWITZ BERGER
                                          & GROSSMANN LLP**
                                         Jonathan D. Uslaner
                                         2121 Avenue of the Stars, Suite 2575
                                         Los Angeles, CA 90067
                                         Telephone: (310) 819-3481
                                         jonathanu@blbglaw.com

                                         **BERNSTEIN LITOWITZ BERGER
                                          & GROSSMANN LLP**
                                         Hannah Ross
                                         Matthew S. Goldstein

5

1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
hannah@blbglaw.com
matthew.goldstein@blbglaw.com

*Lead Counsel for Lead Plaintiffs West Palm Beach Firefighters' Pension Fund and City of Miami General Employees' & Sanitation Employees' Retirement Trust*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
7080 Northwest Fourth Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Lead Plaintiffs West Palm Beach Firefighters' Pension Fund and City of Miami General Employees' & Sanitation Employees' Retirement Trust*

6

## <u>LOCAL RULE 7.1(c) CERTIFICATION</u>

I, Jonathan D. Uslaner, hereby certify that this memorandum of law complies with the word-count limitations set forth in Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York and Section 4(B) of the Court's Individual Rules & Practices in Civil Cases, and contains 1,439 words, exclusive of the caption, table of contents, table of authorities, signature blocks, and this certificate.


Dated: New York, New York
      April 10, 2026

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner
